Slip Op. 10-4

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------x
                                                 :
FORD MOTOR COMPANY,                              :
                                                 :
                 Plaintiff,                      :
                                                 :
           v.                                    :     Before: Judge Judith M. Barzilay
                                                 :     Court No. 03-00115
UNITED STATES,                                   :
                                                 :
                 Defendant.                      :
                                                 :
                                                 :
-------------------------------------------------x
```

## OPINION

[Plaintiff's Motion for Partial Judgment Upon the Agency Record is denied, and Defendant's Motion to Dismiss is granted.]

Dated: January 12, 2010

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP* (*Robert B. Silverman*, *Ned H. Marshak*, *Robert F. Seely*, and *Joseph M. Spraragen*); of counsel: *Paulsen K. Vandevert*, for Ford Motor Company.

*Tony West*, Assistant Attorney General; *Barbara S. Williams*, Attorney In Charge International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Edward F. Kenny*), for Defendant United States; *Beth C. Brotman*, International Trade Litigation, U.S. Customs and Border Protection, of counsel, for Defendant.

Barzilay, Judge: Plaintiff Ford Motor Company ("Ford") brings suit based upon its

contention that the North American Free Trade Agreement ("NAFTA") Certificates of Origin

need not be filed with U.S. Customs & Border Protection ("Customs") within one year of the date of importation for an importer to have a valid claim for a NAFTA refund under 19 U.S.C. § 1520(d).[1]  Rather, Ford asserts that an importer may submit the certificates any time before the underlying entry liquidations are final.  Pl. Br. 9-14.  Ford further contends that, even if it submitted the certificates more than one year from the date of importation, Customs could grant the company's § 1520(d) claim under either 19 C.F.R. § 181.31-32 or the NAFTA Reconciliation Program.  Pl. Br. 9-14.  Ford also argues that 19 C.F.R. § 10.112 compels Customs to accept the untimely filed certificates.  Pl. Br. 14-18.  The United States disagrees and moves the court to dismiss this case for lack of subject matter jurisdiction.  Def. Br. 4-19.  The court agrees with Defendant's framing of the issue as crucially one of jurisdiction based upon Federal Circuit precedent, and because that Court has resolved this issue, the court grants Defendant's Motion to Dismiss for the reasons explained below.

**I. Background**

Between January 1997 and January 1999, Ford imported various automotive parts from Canada into the United States.  One of these shipments entered the United States as Entry No. 231-2787386-9 on June 27, 1997.[2]  Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts ("Undisputed Facts") 1.  At the time of entry, Ford did not assert that the goods were eligible for duty-free treatment under NAFTA; instead, the merchandise entered under general duty rates,

---

[1] Ford asserts that the court has jurisdiction over this issue under either 28 U.S.C. § 1581(a) or 1581(i).  Compl. ¶¶ 1-3.

[2] The parties agreed to use Entry No. 231-2787386-9 and associated Claim No. 3801-98-351235 as a representative claim to resolve the legal issue before the court.  Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts 1.

and Customs liquidated the goods as entered. Undisputed Facts 2. On May 13, 1998, Ford electronically filed post-entry Claim No. 3801-98-351253 and sought a refund under NAFTA pursuant to § 1520(d). Undisputed Facts 3. The claim did not include pertinent certificates of origin. Undisputed Facts 3. Ford submitted these certificates to Customs on November 5, 1998, over a year after the date of importation. Undisputed Facts 4. On March 27, 1999, Customs at the Port of Detroit denied Ford's claim, stating that "[t]he NAFTA Certificate of Origin was not furnished within one year of the date of importation." Pl. Br. Ex. 7 at 2. Ford subsequently filed Protest No. 3801-99-100369 to contest this denial, which Customs also denied on the same grounds. HQ 228654 at 6-8 (Aug. 29, 2002).

## II. Standard of Review to Determine Subject Matter Jurisdiction

A fundamental question in any action before the Court is whether subject matter jurisdiction exists over the claims presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). The party invoking the Court's jurisdiction bears the burden of establishing it. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The court assumes that all undisputed facts are true and must draw all reasonable inferences in the plaintiff's favor when it decides a motion to dismiss based upon lack of subject matter jurisdiction. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991).

### III. Discussion

Title 28 of the United States Code governs the jurisdiction of the Court. Section 1581(a) provides the Court with "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part." § 1581(a). Customs reviews a protest pursuant to 19 U.S.C. § 1515, and a condition precedent for the agency to exercise that authority is the filing of a protest by an aggrieved party under 19 U.S.C. § 1514.[3] § 1515(a). Customs must reach a "decision" on the protest before a party may sue under § 1581(a). *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir. 1994). Customs cannot address the merits of a protest, and therefore make a protestable decision, in the absence of a claim filed in accordance with law. *See Corrpro Cos., Inc. v. United States*, 433 F.3d 1360, 1365-66 (Fed. Cir. 2006) (citing *Xerox Corp. v. United States*, 423 F.3d 1356, 1363, 1365 (Fed. Cir. 2005)).

Section 1520(d) states that a post-importation claim for a NAFTA refund is properly filed when an importer, "within 1 year after the date of importation, files . . . a claim *that includes*," *inter alia*, "copies of all applicable NAFTA Certificates of Origin." § 1520(d) (emphasis added); *accord* §§ 181.31 ("[T]he importer . . . may file a claim for a refund of any excess duties at any time within one year after the date of importation of the good in accordance with the procedures

---

[3] Section 1514(a) sets forth the categories of Customs decisions that an aggrieved party may protest. Customs may review a protest challenging, *inter alia*, the classification and rate and amount of duties chargeable. § 1514(a). These categories are exclusive, "and if 'Customs' underlying decision does not relate to any of these seven categories, the court may not exercise § 1581(a) jurisdiction over an action contesting Customs' denial of a protest filed against that decision.'" *Am. Nat'l Fire Ins. Co. v. United States*, 30 CIT 931, 939-40, 441 F. Supp. 2d 1275, 1285 (2006) (quoting *Playhouse Imp. & Exp., Inc. v. United States*, 18 CIT 41, 44, 843 F. Supp. 716, 719 (1994)); *see also Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir. 1994).

set forth in § 181.32 . . . ."), 181.32(b) ("A post-importation claim for a refund *shall be filed by presentation of*," inter alia, "a copy of each Certificate of Origin . . . pertaining to the good.") (emphasis added). Ford argues that it raised a proper claim by means of an electronic filing, even though the relevant certificates were not filed within one year after the date of importation. Pl. Br. 8. The court considers *Corrpro Cos., Inc.*, 433 F.3d 1360, and *Xerox Corp.*, 423 F.3d 1356, to be dispositive of the issue in this case. Plaintiff's attempts to distinguish them from the facts of this case are unavailing.

In *Xerox Corp.* an importer of several orders of electrostatic photocopiers and wire harnesses from Mexico did not make a claim for NAFTA treatment upon entry because it did not have the requisite certificates of origin as required by the regulations. When it did acquire them, the company made its duty-free entry claim pursuant to a protest under § 1514(a). Unfortunately, only one entry was still within the one-year claim period, and the other entries were denied duty-free treatment. The company then appealed to this Court, which held that the issue of NAFTA eligibility on those entries outside of the one-year claim period was never before Customs and that the Court had no jurisdiction to decide the matter of the denied protests. The Federal Circuit agreed and explained the NAFTA scheme with clear and detailed discussions of the treaty, the implementing statute, the legislative history, and the applicable regulations. *Xerox Corp.*, 423 F.3d at 1361-65. Pertinent here, the appeals court reiterated that § 1520(d) and § 181.31 reinforce the one-year time period for raising a NAFTA claim. *Id.* at 1362-63. Unfortunately for

Plaintiff, the Federal Circuit also found that § 1520(d) unambiguously requires that any claim for NAFTA treatment made pursuant to that statute must include timely filed certificates of origin to be valid. *See Xerox Corp.*, 423 F.3d at 1361-63.

In *Corrpro Cos., Inc.*, the Federal Circuit followed its reasoning in *Xerox Corp.* in a case with similar facts. It said

> there is a protestable decision as to NAFTA eligibility that confers jurisdiction in the Court of International Trade under [§ 1581(a)] *only* when the importer has made a valid claim for NAFTA treatment, either at entry or *within a year of entry*, with a written declaration and Certificates of Origin presented in a timely fashion, and Customs has engaged in "some sort of decision-making process" expressly considering the merits of that claim.

*Corrpro Cos., Inc.*, 433 F.3d at 1365 (emphasis added) (quoting *Xerox Corp.*, 423 F.3d at 1363). It is undisputed that Ford did not request NAFTA eligibility at the time of entry. Moreover, Ford acknowledges that it submitted the documents over a year from the date the goods entered the United States. Therefore, Ford's claim for a NAFTA refund was invalid, and Customs could not have made a protestable decision to deny the company's request for preferential NAFTA treatment. § 1520(d); *accord* §§ 181.31-32; *see Corrpro Cos., Inc.*, 433 F.3d at 1366. Therefore, the court has no jurisdiction over Ford's claim under § 1581(a).

Ford also claims that the Court has jurisdiction over its claim under § 1581(i). The Court may not exercise jurisdiction pursuant to § 1581(i) where jurisdiction "is or could have been available" under another subsection of § 1581. *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003) (quotations & citation omitted). Because Ford could have brought the case under § 1581(a) if it had filed a valid claim and Customs denied its requested relief on the merits, the company cannot show that the relief provided under that subsection would have been

Court No. 03-00115 Page 7

manifestly inadequate. *See Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). The Court therefore has no jurisdiction over this claim under § 1581(i).

Finally, because the court finds that it does not have subject matter jurisdiction over Entry No. 231-2787386-9, Ford's remaining claims on this entry are moot.

### IV.  Conclusion

For the reasons discussed herein, Defendant's Motion to Dismiss is granted. The previously scheduled oral argument of February 17, 2010, is hereby adjourned.

Dated:  January 12, 2010                                         /s/ Judith M. Barzilay
       New York, New York                                    Judith M. Barzilay, Judge

Slip Op. 10-4

# UNITED STATES COURT OF INTERNATIONAL TRADE

---------------------------------------------------------x
: 
FORD MOTOR COMPANY,                       :
:
       Plaintiff,                              :
:     **Before: Judge Judith M. Barzilay**
       v.                                      :     **Court No. 03-00115**
:
UNITED STATES,                            :
:
       Defendant.                              :
:
:
---------------------------------------------------------x

## **JUDGMENT**

Upon consideration of the Plaintiff's Motion for Partial Judgment Upon the Agency Record, Defendant's Motion to Dismiss, the parties' accompanying briefs, the court's opinion in this action on January 12, 2010, and all other papers filed in this action, it is hereby

      **ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; and it is further

      **ORDERED** that Plaintiff's claim relating to Entry No. 231-2787386-9 is **DISMISSED.**


Dated:  January 12, 2010                                    /s/ Judith M. Barzilay
       New York, New York                                 Judith M. Barzilay, Judge

# NOTICE OF ENTRY AND SERVICE

  This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

  Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

                or

  Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

                     Tina Potuto Kimble
                     Clerk of the Court

Date: _____    By: _____
                     Deputy Clerk