Slip Op. 11-145

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORD MOTOR COMPANY, | |
| Plaintiff, | |
| v. | Before: Judith M. Barzilay, Senior Judge |
| UNITED STATES, | Court No. 03-00115 |
| Defendant. | |

**OPINION**

[The court grants Defendant's motion for summary judgment.]

Date: November 28, 2011

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Ned H. Marshak*, *Robert B. Silverman*, and *Frances P. Hadfield*) and *Paulsen K. Vandevert* (Of Counsel), for plaintiff Ford Motor Company.

*Tony West*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Edward F. Kenny*); Office of Chief Counsel, International Trade Litigation, United States Customs and Border Protection (*Beth C. Brotman*, Of Counsel), for defendant United States.

BARZILAY, Senior Judge: This case returns to the court on remand from the Court of Appeals for the Federal Circuit. *See Ford Motor Co. v. United States*, 635 F.3d 550 (Fed. Cir. 2011). In its motion for summary judgment, Plaintiff Ford Motor Company ("Ford") challenges U.S. Customs and Border Protection's ("Customs") denial of Ford's claims for reliquidation of certain entries and a refund of duties pursuant to 19 U.S.C. § 1520(d). Pl.'s Br. 8-28. Defendant United States cross-moves for summary judgment, arguing that the § 1520(d) claims were untimely because Ford did not file its North American Free Trade Agreement ("NAFTA")

certificates of origin – a requisite component of the claims – within one year of importation.[1] Def.'s Br. 5-15. Plaintiff responds that Customs' regulation 19 C.F.R. § 10.112 excuses the late filing of its certificates. Pl.'s Br. 8-11, 13-20; Pl.'s Resp. 6-15. The court has jurisdiction pursuant to 19 U.S.C. § 1581(a). For the reasons below, the court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

## I. Background

Between January 1997 and January 1999, Ford imported certain automotive parts into the United States from Canada. Def.'s Br. 2. The parties have agreed to use Entry No. 231-2787386-9, imported on June 27, 1997, as a representative entry to resolve the legal issues before the court. Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts ("Undisputed Facts") 1-2. Ford did not at the time of entry assert that the goods were eligible for duty-free treatment under NAFTA and Customs liquidated the goods as entered. Undisputed Facts 2. On May 13, 1998, Ford electronically filed post-importation Claim No. 3801-98-351235 and therein sought a refund of the duties it paid and reliquidation of its entry pursuant to § 1520(d). Undisputed Facts 3. Ford did not submit copies of the certificates of origin for this entry until November 5, 1998, more than one year after the date of importation. Undisputed Facts 4. Customs at the Port of Detroit denied Ford's claim, stating that "[t]he NAFTA Certificate of Origin was not furnished within one year of the date of importation." Undisputed Facts 5. Ford protested the denial of its § 1520(d) claim and Customs denied this protest on the same grounds on August 29, 2002. HQ 228654 (Aug. 29, 2002), *available at* 2002 WL 31641984. Ford challenged this denial before

---

[1] Defendant also argues that Customs properly denied the protest on the grounds that Ford failed to make statements that satisfy the regulatory requirements for a valid § 1520(d) claim. Def.'s Br. 15-16. Plaintiff counters that Ford's statements substantially complied with the applicable regulations. Pl.'s Br. 24-28. Because the court finds that the claim was untimely, and thus otherwise invalid, it is unnecessary to reach this question.

the court. On January 12, 2010, the court held that it did not have jurisdiction to hear Ford's suit on the grounds that Customs had not made a protestable decision in denying Ford's refund claim. On March 21, 2011, however, the Federal Circuit reversed and remanded the case for further proceedings. *See Ford Motor Co.*, 635 F.3d 550.

## II. Standard of Review

An action warrants summary judgment "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." USCIT R. 56(c). "A material fact is one that might affect the outcome of the suit under the governing law." *Marriott Int'l Resorts, L.P. v. United States*, 586 F.3d 962, 968 (Fed. Cir. 2009) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted).

The Court reviews Customs' denial of a protest *de novo*. 28 U.S.C. § 2640(a)(1). A Customs decision does not enjoy a statutory presumption of correctness on questions of law, *Universal Elecs. v. United States*, 112 F.3d 488, 492 (Fed. Cir. 1997), but may be entitled to "respect proportional to its 'power to persuade.'" *United States v. Mead Corp.*, 533 U.S. 218, 220 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). The degree of respect the Court accords "will depend upon the thoroughness evident in [Customs'] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore*, 323 U.S. at 140.

## III. Discussion

Under NAFTA Article 502(3), importers may file post-importation claims for refunds of duties paid on goods that would have qualified for preferential tariff treatment when entered. North American Free Trade Agreement art. 502(3), Dec. 17, 1992, 32 I.L.M. 289 (1993).

Congress codified this provision in § 1520(d), which, like Article 502(3), requires that refund claims be filed "within 1 year after the date of importation" and include (1) "a written declaration that the good qualified under the applicable rules at the time of importation," (2) "copies of all applicable NAFTA Certificates of Origin," and (3) "such other documentation and information relating to the importation of the goods as the Customs Service may require."[2]  § 1520(d)(1)-(3). As directed by the statute, Customs enacted implementing regulations that reaffirm the one-year time limitation on refund claims, *see* 19 C.F.R. § 181.31, and specify five requisite components of a claim, including copies of all certificates of origin for the entries, *see* § 181.32(b)(1)-(5).

Plaintiff argues that § 1520(d) and the governing regulations do not require importers to file the certificates of origin within one year.  Pl.'s Br. 11-12; Pl.'s Resp. 13-14.  Instead, Plaintiff interprets the time restriction as applying only to § 1520(d) "claims," as distinguished from the accompanying certificates.[3]  Pl.'s Br. 11-12; Pl.'s Resp. 13-14.

---

[2] On October 21, 2011, while this case was pending before the court, Congress amended § 1520(d) to extend its application to goods entered under three additional trade agreements. *See* United States – Panama Trade Promotion Agreement Implementation Act, Pub. L. No. 112-43, § 206, 125 Stat. 487, 520 (2011); United States – Columbia Trade Promotion Agreement Implementation Act, Pub. L. No. 112-42, § 206, 125 Stat. 462, 484 (2011); United States – Korea Free Trade Agreement Implementation Act, Pub. L. No. 112-41, § 205, 125 Stat. 428, 449 (2011).

[3] Much of the instant dispute arises out of a confusion regarding what constitutes a "claim" within the meaning of § 1520(d) and § 181.31.  Plaintiff's framing of the issue is understandable: A claim exists when the importer files a request with Customs for a refund of duties and alleges its goods qualified for duty-free treatment.  A certificate of origin must accompany, but is distinct from, the refund "claim."  *See generally* Pl.'s Br.  The Federal Circuit, in holding that the court has jurisdiction, distinguished between "notice of a party's § 1520(d) claim" and the accompanying "certificate of origin."  *Ford Motor Co.*, 635 F.3d at 557.  The Federal Circuit limited its holding, however, to the issue of jurisdiction and explicitly recognized the distinction "between the jurisdictional nature of the requirement that notice of a § 1520(d) claim be timely filed . . . and the non-jurisdictional nature of a § 1520(d) claim's content requirements such as certificates of origin."  *Id.* at 556 (noting "§ 1520(d)'s formalities, such as timely filing a certification of origin").  On remand, this court focuses on the substantive requirements for a

Customs rejected this argument in its denial of Ford's protest. *See* HQ 228654. There, Customs found that a valid refund claim exists only when the importer has filed *all* the documentation that § 1520(d) and § 181.32(b)(1)-(5) require, including copies of applicable certificates of origin. *Id.* at 7. Customs noted that no language in the statute or regulations restricts the one-year limitation to only the first element of the claim, the written declaration. *Id.*; *see* § 1520(d)(1); § 181.32(b)(1). Following this clear logic, Customs concluded that importers must file all components of a claim, including copies of the certificates of origin, within one year of importation.[4]  HQ 228654 at 7-8, 12-14.

The analysis in HQ 228654 is thorough and well-reasoned. Customs grounded its conclusions in the plain language of § 1520(d) and §§ 181.31-.32 and responded adequately to Ford's arguments on protest (some of which Ford now repeats before the court). *See id.* at 8-15. Notably, Customs' interpretation accords with the court's own, *de novo* reading of the relevant authority. The court therefore finds that HQ 228654 is entitled to *Skidmore* deference and that § 1520(d) and the implementing regulations require importers to file within one year of importation copies of applicable certificates of origin.[5]

Plaintiff avers that the one-year limitation cannot apply to all elements of a § 1520(d) claim because the final statutory element, § 1520(d)(3), requires importers to supply "such other documentation and information" that Customs may require. Pl.'s Br. 12-13. Ford reasons that

---

NAFTA refund claim. In that vein and as is discussed *infra*, the court adopts Customs' position that copies of certificates of origin are necessary components of a valid § 1520(d) claim.

[4] Customs noted, however, that the certificates need not accompany the written declaration, so long as they are filed within one year of importation. HQ 228654 at 11.

[5] The court agrees with Defendant that Plaintiff's reference to Customs' Reconciliation Program, which waives the necessity of submitting certificates of origin with refund claims, is inapposite. Def.'s Resp. 16-18. Plaintiffs' entries were not subject to the program and the court's inquiry must focus on the statutory and regulatory scheme which governed Plaintiff's entries.

Customs could request additional information from importers pursuant to this subsection more than one year after importation and that, as a result, the court cannot interpret the one-year requirement as extending to all elements of the claim. Pl.'s Br. 12-13. As noted, Customs has already enumerated the requisite "other documentation and information" in subsections (3) through (5) of § 181.32(b). *See* § 181.32(b)(3)-(5); s*ee also* HQ 228654 at 14. These subsections require the importer to file certain information regarding third parties' knowledge of the entries and other existing claims and protests. *See* § 181.32(3)-(5). Importers must similarly file these statements within one year of importation. *See id.*; *see also* HQ 228654 at 14. This argument is therefore unavailing.

The court turns next to Plaintiff's argument that § 1520(d) must be read in harmony with Customs' regulation § 10.112. Because the statute directs that refund claims be administered "in accordance with regulations prescribed by [Customs]," Plaintiff maintains that § 10.112 applies and excuses the untimely filing of its certificates of origin. Pl.'s Br. 8-11, 13-20; Pl.'s Resp. 6-15. Section 10.112 provides that

> [w]henever a free entry or a reduced duty document, form, or statement required to be filed in connection with the entry is not filed at the time of the entry or within the period for which a bond was filed for its production, but failure to file it was not due to willful negligence or fraudulent intent, such document, form, or statement may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final.

19 C.F.R. § 10.112. The Court has previously found that this "remedial regulation" deserves broad interpretation. *See, e.g.*, *Gulfstream Aerospace Corp. v. United States*, 21 CIT 1083, 1096-97, 981 F. Supp. 654, 667 (1997) ("*Gulfstream*"); *Aviall of Tex., Inc. v. United States*, 18 CIT 727, 732-33, 861 F. Supp. 100, 105 (1994) ("*Aviall*"). The Federal Circuit has cautioned, however, "that an importer cannot use section 10.112 to circumvent the clear mandate of

NAFTA and 19 U.S.C. § 1520(d) . . . ." *Xerox Corp. v. United States*, 423 F.3d 1356, 1365 (Fed. Cir. 2005) ("*Xerox*").

In deciding whether § 10.112 applies to the NAFTA refund scheme governed by § 1520(d) and §§ 181.31-.32, the court must "attempt to give full effect to all words contained within th[e] statute [and] regulation[s], thereby rendering superfluous as little of the statutory or regulatory language as possible." *Glover v. West*, 185 F.3d 1328, 1332 (Fed. Cir. 1999); *accord Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty to give effect, if possible, to every clause and word of a statute." (citation and quotation marks omitted)). For this reason, Plaintiff's argument fails. Adopting Plaintiff's position (that § 10.112 allows an importer to file its certificates of origin more than one year after importation) would force the court to read out of the statute and regulations the clear instruction that importers must file "within 1 year after the date of importation . . . a claim that includes . . . copies of all applicable NAFTA Certificates of Origin." § 1520(d); *accord* § 181.31, .32(b)(2). The importance to the NAFTA refund scheme of these two requirements – that (1) claims be filed within one year and (2) include copies of certificates of origin – is obvious. These obligations are thrice repeated in NAFTA, the corresponding statute, and Customs' implementing regulations. Moreover, the legislative history of § 1520(d) "overwhelmingly reiterates the one-year time period for claiming entitlement to a refund premised on NAFTA eligibility." *Xerox Corp.*, 423 F.3d at 1362; *see* H.R. Rep. No. 103-361(I), at 38 (1993) ("In order to qualify for such reliquidation, the importer must, within one year after the date of importation, file a NAFTA claim in accordance with the implementing regulations, which includes . . . copies of all applicable NAFTA certificates of origin . . . ."); S. Rep. No. 103-189, at 22 (1993) (same). The court cannot read § 10.112 to ease the content

requirements for claims under § 1520(d) and § 181.31-.32 as it would render fundamental aspects of the statute and regulations void.[6]

This conclusion is bolstered by the nature of the regulations at issue. In balancing the strict one-year requirement of § 181.31 with the permissive allowance of § 10.112, the court must prefer the specific regulation to the general one. *See Arzio v. Shinseki*, 602 F.3d 1343, 1347 (Fed. Cir. 2010) ("A basic tenet of statutory construction is that a specific statute takes precedence over a more general one. . . . This canon of construction applies to the interpretation of regulations as well as statutes."). Customs drafted § 181.31 to apply expressly to post-importation claims for refunds of duties in cases where no claims for preferential tariff treatment were filed at entry. In so doing, Customs drafted the regulation to mirror the requirements provided by the statute, which, in turn, mirrors NAFTA Article 502(3).[7] In contrast, § 10.112, enacted in 1960, is a broad provision with undefined boundaries which makes no reference to NAFTA refund claims or reliquidation. *See* § 10.112. Sections 181.31 and 181.32 undoubtedly control over this more general regulation.

Unfortunately for Plaintiff, reliance upon *Aviall* and *Gulfstream* is unhelpful in this context. Pl.'s Br. 17-20. While these cases highlight the broad reach of § 10.112, including its preeminence over other (mandatory) regulatory provisions, neither address the issue of whether

---

[6] Defendant argues that § 10.112 is inapplicable because the regulation covers only forms and documents required *at the time of entry*, which NAFTA certificates of origin are not. Def.'s Br. 11-14; Def.'s Reply 8-12. The court is skeptical of this interpretation as it is at variance with the plain language of the regulation and appears to be needlessly restrictive. *See* § 10.112. Nevertheless, because § 10.112 otherwise does not cover certificates of origin required for § 1520(d) claims, the court need not resolve this issue.

[7] Section 181.33 also explicitly addresses Customs' authority to deny NAFTA refund claims: "The port director may deny a claim for a refund filed under this subpart if the claim was not filed timely, [or] if the importer has not complied with the requirements of this subpart . . . ." § 181.33(d)(1).

§ 10.112 would apply if its application would render meaningless *statutory* (and treaty-based) requirements.[8]  *See Gulfstream*, 21 CIT at 1096-97, 981 F. Supp. at 667; *Aviall*, 18 CIT at 732-33, 861 F. Supp. at 105.  As discussed, the court believes that it cannot.  Accordingly, § 10.112 does not excuse the late filing of NAFTA certificates of origin for § 1520(d) refund claims.

### IV. Conclusion

The court recognizes that, in attempting to obtain preferential tariff treatment, Ford was operating in a nascent legal regime with fastidious rules for importation.  Nonetheless, the court must respect Customs' lawful adherence to the controlling statute and regulations.  For the reasons stated, it is hereby

**ORDERED** that Defendant's motion for summary judgment is granted, and it is further

**ORDERED** that Plaintiff's motion for summary judgment is denied.

Dated:  November 28, 2011                                           /s/ Judith M. Barzilay
         New York, NY                                                  Judith M. Barzilay, Senior Judge

---

[8] Unlike *Aviall* and *Gulfstream*, the court in *Corrpro Cos. v. United States*, 28 CIT 1523 (2004) (not reported in F. Supp.), *rev'd on other grounds*, 433 F.3d 1360 (Fed. Cir. 2006) ("*Corrpro*"), squarely addressed the issue of whether § 10.112 excuses the late filing of certificates of origin for § 1520(d) purposes.  Adopting the reasoning in *Aviall* that § 10.112 "does not limit its application to certain documents" and should be interpreted broadly, the court held that § 10.112 applies to NAFTA refund claims:  "[T]he Court holds that 19 C.F.R. § 10.112 supercedes 19 C.F.R. §§ 181.31 and 181.32 . . . . [U]nder [§ 10.112], Corrpro may submit its NAFTA Certificates of Origin at any time prior to liquidation, barring willful negligence or fraudulent intent in compliance."  *Corrpro Cos.*, 28 CIT at 1532.  The Federal Circuit reversed this holding on alternative (jurisdictional) grounds.  *See Corrpro Cos.*, 433 F.3d 1360.  Only in dicta did the Federal Circuit discuss the requirements for a § 1520(d) claim:  "In order to make a valid NAFTA claim, an importer must submit a written declaration and the appropriate Certificates of Origin. An importer may not circumvent these statutory and regulatory requirements."  *Id.* at 1365 (internal citations omitted); *accord Xerox Corp.*, 423 F.3d at 1365 ("Simply put, we may not construe 19 C.F.R. § 10.112 to increase the one-year time period for making a post-importation NAFTA claim and thus increase the Court of International Trade's jurisdiction      . . . .").  The court believes the Federal Circuit's dicta in *Corrpro* and its jurisdictional holding in *Xerox*, while not controlling, nevertheless cancel the persuasive weight the court would normally give to a previous decision by this Court.  *See Nucor Corp. v. United States*, 32 CIT __, ___, 594 F. Supp. 2d 1320, 1380 n.47 (2008) (noting that "intervening changes in governing law necessarily affect the persuasive authority of previous decisions of the [Court]").

Slip Op. 11- 145

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Before: Judith M. Barzilay, Senior Judge<br><br>Court No. 03-00115 |

**JUDGMENT**

Upon consideration of Plaintiff's motion for summary judgment, Defendant's motion for summary judgment, the accompanying briefs, responses, and replies submitted by the parties, and all other papers filed in this action, it is hereby

**ORDERED** that Defendant's motion for summary judgment is granted; and it is further

**ORDERED** that Plaintiff's motion for summary judgment is denied.


Dated: November 28, 2011　　　　　　　　　　　　　/s/ Judith M. Barzilay
　　　　New York, NY　　　　　　　　　　　　　　Judith M. Barzilay, Senior Judge